**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DORENZO MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-491-DWD** |
| | ) | |
| **ILL. PRISONER REVIEW BOARD,** | ) | |
| **ALYSSA WEITZ,** | ) | |
| **JB PRITZKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Dorenzo Moore, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while incarcerated. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges he and nearly 10,000 Illinois inmates were the victims of what they contend was an erroneous and overly broad response by the Illinois Prisoner Review Board (PRB) to a request for information. (Doc. 1 at 5). Specifically, Plaintiff alleges that although he did not learn of it for many months, in August, September, and October of 2024, outside parties sought information about clemency proceedings via Freedom of Information Act (FOIA) releases, and the PRB's responses included inmate's social security numbers or other personally identifiable information. (*Id.*). Plaintiff alleges the disclosure of his social security number was unauthorized, unnecessary, and it violated his privacy protections. Plaintiff faults Defendant Weitz, an alleged FOIA officer, and Defendant Pritzker as the head administrator of the Prisoner Review Board, alleging that they should have redacted the personally sensitive information from the records before releasing them. (*Id.* at 6).

Plaintiff alleges that on November 17, 2025, he received a letter dated August 27, 2025, notifying him of the release of his information. (*Id.*). He claims the delay in notification was intentionally deceitful conduct by Pritzker and Weitz. Plaintiff complains he tried to call the Prisoner Review Board's attorney and Pritzker to solve the situation. (*Id.* at 6-7). He claims that the defendants' remedy, contacting the recipients of the FOIA information and asking them to delete it, was inadequate and leaves him vulnerable. (*Id.* at 7). Plaintiff alleges he is suffering from an invasion of privacy, a risk of identity theft, and emotional distress. (*Id.*). Plaintiff further alleges that by knowingly withholding the information leak for nearly a year, defendants violated his First

Amendment right to access the courts. As relief, Plaintiff seeks monetary compensation from Pritzker and Weitz. (*Id.* at 8).

In support of the complaint, Plaintiff tendered a copy of the August 27, 2025, letter from the PRB notifying him that his name and social security number was possibly inadvertently distributed in a FOIA response. (Doc. 1 at 9). Plaintiff also included a copy of a grievance he tried to submit at the prison, which was rejected because the PRB is a separate entity not subject to the grievance process. (*Id.* at 10). Additionally, he submitted copies of two letters he sent to the PRB seeking help protecting himself from identity theft problems during the remainder of his incarceration. (*Id.* at 12-15).

Here, Plaintiff's claims are insufficient to proceed because he has not adequately described personal actions of a named defendant that amount to a violation of a constitutional right. Plaintiff's generic assertion that his privacy rights were violated is not sufficient. The Court was unable to locate any binding cases where the Seventh Circuit or Supreme Court recognized a constitutionally protected privacy interest in an inmate's social security number. By contrast, the Court located a district court decision indicating that a plaintiff's social security number was not protected by a federal constitutional right to privacy. *See e.g.*, *Sexton v. Runyon*, 2005 WL 2030865 at * 9 (N.D. Ind. Aug. 23, 2005) (finding that to the extent a federal constitutional right to privacy exists, it has not been extended to the disclosure of a plaintiff's social security number). Average Americans are subject to data breaches and leaks of personal information on a regular basis, such as the leak described by Plaintiff, but this now commonplace misfortune simply does not infringe on a constitutional right. Plaintiff also assumes that

Weitz and Pritzker were personally responsible, without providing any details about their knowledge or direct involvement in reviewing FOIA responses before they are released to the public. Thus, Plaintiff has not identified a constitutionally protected privacy interest, and he has not sufficiently alleged personal involvement of the defendants.

To the extent that Plaintiff alleges defendants somehow violated his First Amendment right of access to the Courts via their slow dissemination of notice about the data leak, this theory as also unavailing. Prisoners have a fundamental right of meaningful access to the courts, and this right extends to pretrial detainees. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When analyzing claims for the denial of court access, the court uses a two-part test. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (*quoting Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268. Plaintiff does not meet either prong of the two-part test. He does not allege that the lack of legal materials or resources hindered his ability to present a claim, and he does not plausibly identify a measurable detriment to pending or contemplated litigation. To the contrary, Plaintiff filed the complaint in

this case and relevant documents as exhibits, suggesting that he was not hindered in his ability to pursue a claim about the release of his personal information.

Though there may be some sort of remedy available to Plaintiff under Illinois state laws, he has not said enough to make it obvious what theory of relief that might be. Even if he had done so, the Court would decline to exercise supplemental jurisdiction over a freestanding state law claim where all federal claims are inadequate. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction"); *see* *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is entirely discretionary.").

For the foregoing reasons, the Court finds that Plaintiff's complaint has failed to state a claim under 28 U.S.C. § 1915A. Though the Court almost always affords at least one opportunity to amend, it cannot see any viable constitutional theory that could emerge from this set of facts, and thus it concludes that leave to amend is unnecessary. *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). The dismissal of this case shall count as a strike under 28 U.S.C. § 1915(g).

## DISPOSITION

Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a federal claim, and **without prejudice** to the extent he intends to pursue a state law claim. Plaintiff's Motions for Status (Docs. 8, 9) are **GRANTED** by the issuance of this Order.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: September 14, 2026

DAVID W. DUGAN
United States District Judge